COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-026-CR
 
MICHAEL ANTON JONES                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                                   
STATE
------------
FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Michael Anton Jones appeals from
his conviction for engaging in organized criminal activity -- murder. Appellant
pled not guilty, a jury found him guilty, and the trial court assessed his
punishment as fifty years' confinement. In four points on appeal, Appellant
contends the trial court erred in overruling his motions for specific
performance of a plea agreement and for instructed verdict of acquittal, and in
admitting certain evidence. We affirm.
Factual and Procedural
Background
Appellant, a member of a Wichita Falls
street gang, shot and killed Donald Carroll, a member of a rival street gang.
The indictment alleged, in part, as follows:

        
 [T]hat MICHAEL ANTON JONES . . . did then and there and intentionally or
 knowingly cause the death of an individual, namely Donald Carroll, by shooting
 Donald Carroll with a deadly weapon, namely a firearm, and the defendant
 committed the offense as a member of a criminal street gang, namely Hoova 107.

Appellant signed a form entitled
"Notice of Plea Bargain and Request for Setting." Under the terms of
the notice, the district attorney would recommend an eight-year sentence to the
offense of aggravated assault with a deadly weapon if Appellant would cooperate
with the district attorney's office. Appellant made an incriminating statement
on videotape, incriminating himself as the triggerman. The State later withdrew
from the plea agreement. Appellant moved to enforce the plea agreement and moved
to suppress his statement. At the pretrial hearing on the motions, the trial
court refused to enforce the plea agreement, without hearing any evidence.
At trial, Appellant entered a plea of not
guilty. Appellant's accomplice, Rickey Mollice, testified against him and
indicated that Appellant was the triggerman. A .38 caliber pistol was entered
into evidence as the murder weapon.
The Plea Agreement
Appellant first complains about the trial
court's overruling of his motion for specific performance of the plea agreement.
The State argues that although Appellant signed the notice form, the parties
never reached an agreement. Regardless of whether the parties reached an
agreement, the State withdrew its agreement prior to the entry of Appellant's
plea, and the trial court refused to be bound by it. Because a plea agreement is
an executory contract, it does not become operative until the defendant has
entered his plea and the trial court has announced that it will be bound by the
agreement. Bryant v. State, 974 S.W.2d 395, 398 (Tex. App.--San Antonio
1998, pet. ref'd); see also DeRusse v. State, 579 S.W.2d 224, 236 (Tex.
Crim. App. [Panel Op.] 1979). Because the State withdrew its alleged agreement
before Appellant entered his plea,(2) and because
the trial court refused to be bound by it, Appellant was not entitled to enforce
the agreement. See DeRusse, 579 S.W.2d at 236. We overrule his first
point.
The Gun
Appellant next contends that the trial
court erred in admitting State's Exhibit Number 26 into evidence because the
firearm examiner was unable to conclusively state that the bullets recovered
from the victim's body came from that weapon. Regardless of the nonconclusive
nature of the firearm examiner's testimony, Rickey Mollice, Appellant's
accomplice and eye-witness to the crime, unequivocally identified the gun as the
murder weapon. The gun, therefore, was admissible, and we overrule Appellant's
second issue. See Hall v. State, 862 S.W.2d 710, 716 (Tex.
App.--Beaumont 1993, no pet.) (holding that gun defendant allegedly used during
robbery was admissible into evidence even where the victim equivocated in her
identification of it).
The Motion for Instructed
Verdict
In his remaining two points, Appellant
contends that the trial court erred in overruling his motion for instructed
verdict of acquittal. First, Appellant claims that a fatal variance exists
between the allegations in the indictment and the proof at trial. He contends
that the while the indictment alleges that Appellant committed the offense of
engaging in organized criminal activity "as a member of a criminal street
gang, namely Hoova 107," the evidence instead shows that he was a member of
a street gang that was named simply "107." Appellant objected to this
defect, error, or irregularity at trial.
Contrary to Appellant's theory that 107 is
a gang distinct from the Hoova gang, testimony from one of Appellant's own
witnesses shows that "107 is one sect under Hoova." If a person is a
member of 107, therefore, he is also a member of Hoova. We hold that no variance
exists.
Second, Appellant argues that Mollice's
testimony was insufficiently corroborated to sustain the conviction,
particularly in light of Appellant's admission that he himself was the
triggerman. See Tex. Code Crim. Proc. Ann. art 38.14 (Vernon 1979).
Article 38.14 of the Code of Criminal Procedure provides:

        
 A conviction cannot be had upon the testimony of an accomplice unless
 corroborated by other evidence tending to connect the defendant with the
 offense committed; and the corroboration is not sufficient if it merely shows
 the commission of the offense.

Id. The test for weighing the
sufficiency of corroborative evidence is to eliminate from consideration the
testimony of the accomplice witness and then examine the testimony of other
witnesses or other inculpatory evidence to ascertain if evidence exists that
tends to connect the accused to the commission of the offense. Hernandez v.
State, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997). The nonaccomplice
evidence need not be sufficient in itself to establish the accused's guilt
beyond a reasonable doubt. Id. Nor is it necessary for the
nonaccomplice evidence to directly link the accused to the commission of the
offense. Id. The accomplice witness rule is satisfied if there is some
nonaccomplice evidence which tends to connect the accused to the commission of
the offense alleged in the indictment. Id.
Here, both testimonial and physical
nonaccomplice evidence existed. First, Cherie Wallace's testimony directly
linked Appellant to the murder. She testified that Appellant told her that he
had shot Donald Carroll. Second, Mollice testified that Appellant ran across
Humphreys Street and started shooting into the victim's vehicle. Niesha Davis, a
nonaccomplice eye-witness, testified that she was a passenger in the victim's
vehicle, which was parked on Humphreys Street. Davis testified that she saw an
individual run across the road, followed by gunshots.
Denise Oates, another nonaccomplice
witness, testified that shortly after the shooting, Mollice and Appellant
arrived together at her residence. Lisa Sheppard, also a nonaccomplice witness,
observed a green car at the scene of the shooting. Officer Richard Waters
testified that the vehicle believed to have been involved in the shooting was a
green Dodge Neon. Melissa Honeycutt testified that on the day before the murder,
Appellant had borrowed her green Dodge Neon. When Officer Waters attempted to
stop the green Neon on the day of the shooting, Mollice, the driver, "hit
the gas." Mollice "bail[ed] out of" the vehicle, and Appellant,
the passenger, remained in the vehicle until it crashed into a tree. Appellant
then exited the vehicle and ran, but was immediately apprehended.
Evidence that an accused was in the
company of the accomplice close to the time of the offense, coupled with other
suspicious circumstances, may tend to connect the accused to the offense. Gill
v. State, 873 S.W.2d 45, 49 (Tex. Crim. App. 1994). Here, all of the
nonaccomplice testimony tends to connect Appellant to the offense. See
Hernandez, 939 S.W.2d at 176. We overrule Appellant's remaining two points.
Conclusion
Having overruled all of Appellant's
points, we affirm the trial court's judgment.
 
                                                                      
PER CURIAM

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 7, 2003

1. See Tex. R. App. P. 47.4.
2. Additionally, Appellant did not plead guilty in
accordance with the plea agreement. Instead, he plead not guilty.